UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:23-cv-584

| | |
|---|---|
| ROBERT HALSTEAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELECTROLUX HOME PRODUCTS, )<br>INC., )<br>)<br>Defendant. )<br>) | COMPLAINT |

Plaintiff, Robert Halstead ("Halstead" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Electrolux Home Products, Inc. ("Electrolux" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing on this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

4. Defendant is a foreign business incorporated under the laws of Delaware that is registered and in good standing in the State of North Carolina, with its principal office located at 10200 David Taylor Drive, Charlotte, NC 28262.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et seq.*

6. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

13. Electrolux is a multinational home appliance manufacturer.

14. Halstead began his employment with Electrolux in or about 2011 through a staffing agency and held a position in Electrolux's Accounts Receivable department. After a year and three months, Halstead became a full-time employee with Electrolux and maintained the same position. Although the title of his position changed throughout his employment, Halstead maintained a position in Electrolux's Accounts Receivable department until he voluntarily ended his employment on or about February 28, 2023. At all relevant times to this lawsuit, Halstead held either the Accounts Receivable Analyst or Senior Accounts Receivable Analyst role.

15. As an Accounts Receivable Analyst/Senior Accounts Receivable Analyst, Electrolux required Halstead to reconcile accounts and collect payment on outstanding invoices with Electrolux's distributors and outstanding contracts with Electrolux's customers.

16. At all relevant times, Electrolux classified Halstead as a nonexempt employee within the meaning of the FLSA. Halstead was, therefore, eligible for overtime compensation for all work performed over 40 hours in a workweek.

17. Electrolux employed Halstead during the FLSA's statutory period preceding the filing of this Complaint.

18. At all relevant times, Electrolux paid Halstead an hourly rate and paid Halstead weekly. During the three-year statutory period, Halstead's hourly rate was $30.46 per hour.

19. At all relevant times, Halstead's scheduled consisted of working Monday through Friday from 7:30 a.m. to 4:30 p.m. Electrolux provided Halstead with unpaid one-hour lunch

break. Every year, Electrolux required Halstead to provide confirmation, either written or verbal, of his schedule to his supervisor.

20. Despite his established schedule, Halstead regularly worked past 4:30 p.m. and also performed work on the weekends. Depending on the work that need to be completed, Halstead typically ended his workday between 6:30 p.m. and 9:00 p.m. with an hour-long break for dinner.

21. Electrolux required Halstead to submit his weekly hours to Electrolux's Human Resources on Monday for the previous week's hours. In or about 2019, Electrolux's Human Resources department instructed Taheisha Ash ("Ash"), Electrolux's Accounts Receivable Manager and Halstead's direct supervisor, to tell employees of the Accounts Receivable department, including Halstead, that Electrolux does not pay overtime, so "do not submit" more than 40 hours. Electrolux also instructed Ash to tell employees of the Accounts Receivable department, including Halstead, that it did not matter how long it took them to get their work done, they just needed to get it done.

22. During the three-year period preceding the filing of this Complaint, Halstead worked in excess of forty (40) hours in each workweek, excluding workweeks that included holidays or workweeks were Halstead used vacation or sick time. Halstead estimates that he worked approximately fifteen (15) hours of overtime per workweek that Electrolux did not provide any compensation for.

23. Electrolux had knowledge that Halstead worked the unpaid overtime hours at issue in this lawsuit because Electrolux instructed its employees, including Halstead, not to submit more than 40 hours per workweek. Additionally, Electrolux knew or should have known that Halstead worked the unpaid overtime hours at issue in this lawsuit because Halstead informed Ash multiple

times that he performed work outside of his scheduled hours and on the weekends in order to complete his assigned work.

24. Electrolux's failure to pay Halstead the overtime premium required by the FLSA was willful.

**Plaintiff's First Cause of Action**
**(Violation of FLSA—Overtime)**

25. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

26. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

27. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty (40) in a workweek.

28. Defendant violated the FLSA by failing to comply with the record keeping requirements.

29. Defendant's violation of the FLSA was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

    a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for violating the anti-retaliation provisions of the FLSA;

    b) An Order awarding Plaintiff damages proximately caused by Defendant's unlawful retaliation;

    c) An Order awarding the costs of this action;

    d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this __ day of __, 2023.

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com
ethan@gibbonslg.com
*Attorneys for Plaintiff*
